IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAMIEN WESBY                                                    PLAINTIFF

v.                          No. 3:16-cv-235-DPM

GLOBE MANUFACTURING
COMPANY, LLC and JOHN DOES,
A-Z, Unknown Defendants                                        DEFENDANTS

ORDER

1. The Court declines to enter the parties' proposed protective order. Please review some acceptable orders, *e.g.*, № 62 in No. 3:16-cv-127-DPM and № 37 in No. 3:16-cv-207-DPM, and submit another proposal. Incorporate the redaction-first obligation of Fed. R. Civ. P. 5.2, the Court's joint-report procedure (rather than motion practice) for handling disputes, № 12 at 2-3, a sunset provision ending jurisdiction, and please replace "such" with "this" or "the" throughout the document.

2. The Court resolves the parties' disputes on the Rule 30(b)(6) areas as follows pursuant to Fed. R. Civ. P. 26(b) & (c). In general, Wesby is entitled to cover less ground than he wants, but more than Globe has agreed to. The Court encourages more collaboration and reasonable compromise—and reminds counsel of their Rule 1 obligation to work together, using the Rules

to promote fairness and efficiency. FED. R. CIV. P. 1 (2015 amendment to advisory committee notes).

- **Deposition Topic Three**: Wesby may question about the whole manufacturing process, generally, and about everything involved in the process for this jacket, specifically. No more than one hour, though, on the general manufacturing process. That will be plenty of background.

- **Deposition Topic Five**: Wesby may ask only about gear that is substantially similar in protective design to this jacket.

- **Deposition Topic Six**: Wesby may question as requested about all claims (ten years pre-incident) involving this jacket or gear with a substantially similar protective design as this jacket.

- **Deposition Topic Seven**: The specific testing, guidelines, standards, and assurances of Wesby's jacket should be the focus. For context, Wesby may also spend thirty minutes questioning about Globe's general testing practices, standards, guidelines, and assurances. But Wesby cannot ask about specific testing practices for other garments — unless the gear had a substantially similar

protective design as Wesby's jacket, or unless the testing on other gear was also used to OK the kind of jacket Wesby had.

- **Deposition Topic Eight**: Wesby can examine about prior cases involving the same jacket or gear using a substantially similar protective design. It's overreaching, though, to explore litigation-related experts or litigation-related testing.

- **Deposition Topics Nine, Ten, and Eleven**: Wesby may examine on these topics.

- **Schedule of Documents One**: Globe must produce all non-privileged/non-work-product emails about the Wesby incident, the development of this jacket, any burn problems/incidents/claims involving this jacket, the development of gear using a substantially similar protective design, and any burn problems/incidents/claims about that gear.

- **Schedule of Documents Four**: Globe must produce the catalog. The relevance seems slight, but the burden to produce definitely is slight.

- **Schedule of Documents Seven, Eight, and Twelve**: Globe must produce its existing claims files for similar incidents in the ten years before this incident involving this jacket or gear using a substantially similar protective design. To the extent those files contain publicly available information, Globe need not produce it, but must only provide enough information for Wesby to get it if he wants to do so.

Joint report, № 16, addressed.*

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

23 May 2017

---

*Please do not incorporate any other filings, № 16 *at 7*, in any future joint report.