IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAMIEN WESBY                                                    PLAINTIFF

v.                           No. 3:16-cv-235-DPM

GLOBE MANUFACTURING
COMPANY, LLC and JOHN DOES,
A-Z, Unknown Defendants                                        DEFENDANTS

## ORDER

The Court appreciates the parties' work on the proposed protective order. Final edits attached. Please submit a revised version to chambers for entry. A word about redaction and filings with the Court. Please minimize the number of documents filed under seal. Redact truly sensitive material, if this can be done without too much trouble, and file redacted versions, so the Court's business can be done, insofar as possible, in public.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

26 June 2017

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DAMIEN WESBY,**

    **Plaintiff,**

v.                                                                    Case No. 3:16-cv-00235-DPM/JJV

**GLOBE MANUFACTURING COMPANY, LLC and
JOHN DOE A-Z, UNKNOWN DEFENDANTS**

    **Defendants.**

## AGREED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1. Pursuant to the Federal Rules of Civil Procedure, certain materials to be produced by Defendants, Globe Manufacturing Company, LLC, ("Globe"), will be produced pursuant to the provisions of this order.

2. Defendants may designate as "Confidential Material" material produced or disclosed to Plaintiff through the discovery and disclosure processes recognized by the Federal Rules of Civil Procedure. The designation shall make the items and all copies, prints, or other reproductions of the material subject to this Order. All the Confidential Material produced by Defendant shall be clearly stamped or labeled on each page to indicate that the material is subject to this Order. Electronically created or stored information or other types of information based upon or containing the Confidential Materials shall be similarly designated in clear terms. Designations shall be indicated on each page in a way that does not obscure or cover any writing or information in the document in any way (e.g. stripes, writing, or lines across the text of a document are a violation of this Order). Attached as *Exhibit A* is an example of an acceptable designation.

3. Defendants shall only designate its trade secrets or other commercially sensitive or proprietary materials as Confidential Material under this Protective Order after making a

1

good faith determination that the designated material contains protectable information under Federal Rules of Civil Procedure.

4. At any time prior to entry of final judgment, in the event that any party disagrees with Defendants' designation of material as Confidential Material in this case and subject to this Order, that party shall send written notice to Defendants' counsel identifying the material. If a dispute does arise, counsel should confer in good faith in person before bringing any dispute to the Court. If a dispute arises about any of the relevant portions of this agreement, the parties will follow the procedure for discovery disputes, which is outlined in the final scheduling order.

5. Confidential Material produced by Defendants subject to this Order may be disclosed only to persons listed in subparts (a) through (h) below.

   Confidential Material may be disclosed to:

   a) Attorneys of record (retained by the parties) and their partners and associate attorneys;

   b) Any persons regularly employed by the attorneys or their firms, when working under the supervision of partners or associate attorneys of said firms;

   c) Any independent expert or consultant specifically retained by counsel to provide assistance, expert advice, technical consultation, or testimony, and the employees of the experts, consultants or similar persons when working under the supervision of these persons;

   d) The Court, its personnel, and members of the jury;

   e) Court Reporters, interpreters, or other personnel reasonably required for the preparation of transcripts or testimony;

   f) Mediators agreed to by the parties and other individuals appointed by the Court;

   g) Witnesses, during deposition or trial testimony, who may be shown and questioned about the Confidential Material;

6. Recipients of Confidential Material shall not disclose the information to any other person to whom disclosure is not authorized by the terms of this Order. Recipients of Confidential Material shall ensure that the confidential, protected status is maintained. This provision will not apply to material which was designated as confidential but subsequently determined not entitled to the protection by order of the Court.

7. Before receiving access to any Confidential Material or the information contained therein, recipients of Confidential Material shall be provided a copy of this Order and asked to familiarize themselves with the terms of the Order and to be bound by this Order. Recipients under (5)(c) and (5)(h) shall agree in writing, by signing *Exhibit B*, to be bound by its terms of this Order and consent to the continuing jurisdiction of the Court for all proceedings arising out of this Order. Plaintiff's counsel shall maintain a copy of each signed *Exhibit B*. Upon motion and a showing of good cause by Defendant, these signed Exhibits shall be available for inspection by the Court.

8. When used in depositions, Confidential Material and the information contained therein shall remain subject to the provisions of this Order. Confidential Material subject to this Order may be marked as an exhibit to a deposition, but it will not be attached to the deposition transcript as an exhibit unless attached under seal as Confidential Material. Further, portions of a deposition discussing Confidential Materials may be designated by Defendant as subject to this Order and as confidential. Defendant shall have thirty (30) days after receipt of the transcript in any form to designate these portions of a transcript as Confidential Material. Plaintiff may challenge Defendant's designation of portions of transcripts as Confidential Material. If a dispute does arise, counsel should confer in good faith in person before bringing any dispute to the Court. If a dispute arises about any of the relevant portions of this agreement, the parties will follow the procedure for discovery disputes, which is outlined in the final scheduling order.

9. All business records of Defendant or any predecessor entities of Defendant produced in this case and all materials produced by Defendant which are designated Confidential Material pursuant to this Order shall be treated as authenticated business records under Federal law without further proof, testimony or affidavits, but objections to admissibility on grounds of relevance or otherwise are preserved.

> If practicable, the parties shall redact confidential information from Confidential Material, and file the redacted version on the public docket as part of any motion or other paper. Fed.R.Civ. P. 5.2. If redaction is impractical, then

10. All Confidential Materials that are filed with, disclosed, or submitted to the Court or filings that contain any portion of any Confidential Material or specific information taken from any Confidential Material shall be under seal pursuant to the applicable Local Rules, Federal Rules of Civil Procedure, or as ordered by the Court or agreed to by Plaintiff and Defendant. Unless otherwise provided by the applicable Local Rules, Federal Rules of Civil Procedure, or as ordered by the Court or agreed to by Plaintiff and Defendant, any Confidential Material physically (as opposed to electronically) filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

    > This envelope is sealed and contains confidential information and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

    ~~Pursuant to Federal Rule of Civil Procedure 5.2, unless the Court orders otherwise, in an electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party of nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number. The Parties agree to otherwise comply with the requirements of Federal Rule of Civil Procedure 5.2 in any Court filing.~~

11. Within ~~60~~ *sixty* days after termination of this action and any deemed related actions, and the expiration of time for appeal, whether this action and any deemed related actions is settled or otherwise resolved in full prior to trial, or tried on the merits, all originals and copies of Confidential documents shall be promptly returned to the designating party, or at the direction of the Court or designating party shall be destroyed.

4

12. The provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record, until one year after the complete resolution of this litigation, including any appeals. ~~and any subsequent appeals.~~ This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order during that period.

SO ORDERED, this ____ day of _____, 20____.

_____
Judge

# **EXHIBIT A**

PRODUCED BY DEFENDANT IN _____ V. DEFENDANT PURSUANT TO PROTECTIVE ORDER

PRODUCED BY DEFENDANT IN _____ V. DEFENDANT PURSUANT TO PROTECTIVE ORDER

# **EXHIBIT B**

STATE OF_____)

COUNTY OF_____)

  I, _____, hereby affirm that I have read the Agreed Confidentiality Agreement and Protective Order entered in the above-entitled matter dated _____, 20___. I agree to be bound by the terns of that Protective Order, and have fully complied with all of its terms and provisions. I also consent to the continuing jurisdiction of the Court regarding all proceedings arising out of the Protective Order.

  I, _____, an attorney receiving documents pursuant to Paragraph 5(h) of this Order, further agree to return to _____ all Confidential Materials provided to me within ~~30~~ thirty days of the end of the litigation in which I am involved. ✓

_____
Affiant

Subscribed and sworn to before me
this_____day of _____, 20_____.