IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAMIEN WESBY                                                                    PLAINTIFF

v.                                  No. 3:16-cv-235-DPM

GLOBE MANUFACTURING COMPANY, LLC;
and CASCO INDUSTRIES, INC.                                              DEFENDANTS

ORDER

Globe and Wesby each seek costs as prevailing parties under FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920. Globe wants reimbursement from Wesby, who wants his costs from Casco. At the 8 July 2019 hearing, the Court partly granted and partly denied both parties' motions for costs, № 120 & № 121, with the particulars to come after sorting. Here they are.

**Globe.** The Court awards Globe $22,681.66 in costs.

- **Transcripts.** Globe seeks about $17,000.00 on this score. Costs for "printed or electronically recorded transcripts" are recoverable if they were "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Globe requests payment for both printed and electronically recorded transcripts of Dr. William Hickerson's deposition. His videotaped deposition was shown at trial; his testimony as Wesby's treating physician was critical; and the video plus a paper transcript was necessary. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). The Court denies costs for convenience expenses, including expedited

transcripts, condensed transcripts, color exhibits, video conference room and laptop charges, and finance charges. Globe hasn't shown their necessity. The Court therefore awards $14,739.57 in allowable transcript costs.

- **Witness fees.** Globe seeks approximately $400.00 in witness fees for Wayne Gately, Dillon Scarborough, and Jeff Jones. But these fees were payments to a private process server for trial subpoenas. № 120-4 at 3. Private process server costs are not taxable. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). The Court awards the $4,640.00 that Globe paid Wesby's experts, Drs. Ruth Rimmer and Elizabeth Buc, as witness fees for their depositions. *Stanley*, 784 F.3d at 464–65. Globe seeks all its out-of-pocket expenses for its experts testifying at trial. Witness fees are limited by statute to $40 a day plus some travel expenses. 28 U.S.C. § 1920(3); 28 U.S.C. § 1821. The Court will therefore tax $3,302.09 for Jeffrey Stull and Michael McKenna's trial attendance and reasonable travel expenses. The amounts requested for airfare and rental cars are high. The Court has reduced the award accordingly.

**Wesby.** The Court awards Wesby $26,377.45 in costs.

- **Transcripts.** Wesby requests approximately $15,000.00 for transcripts. He's not entitled to recover the cost of the transcript of Dr. Buc's supplemental deposition because his inadequate compliance with the expert disclosure deadline necessitated it. The Court exercises

its discretion and awards $413.95 for the closing argument transcript. Wesby needed it to prepare the rather complicated post-judgment motions; it was thus "necessarily obtained for use in the case" under § 1920(2). The Court also awards Wesby costs for both the printed and electronically recorded transcripts of Dr. Hickerson. But the Court denies costs for color exhibits and expedited processing for other transcripts because Wesby hasn't shown these extras were necessary. The Court therefore awards Wesby $12,202.45 in allowable transcript costs.

- **Copies**. The Court awards the $6,691.26 Wesby requests for copies of four sets of trial exhibits. These copies were needed for counsel, the witnesses, and the Court. Wesby seeks approximately $1,000.00 for deposition transcripts used at trial. He gives no specifics. Some depositions were used in cross-examining the witnesses, but the Court is unsure whether all these transcripts were used. The Court therefore awards $500.00 on this score to do rough justice.

- **Witness fees.** Wesby also seeks approximately $400.00 in private process server costs for Gately, Scarborough, and Jones. These costs aren't taxable. Wesby did not request the standard witness fee for its expert witnesses' trial attendance, but the Court awards $40 each for Drs. Foster, Buc, and Rimmer, along with reasonable travel expenses. As with Globe's experts, Dr. Buc's airfare, plus the rental car charges for her and Dr. Rimmer, are high. The Court has therefore awarded a

reduced amount. Likewise, Wesby is entitled to reimbursement for the expert witness fees he paid to depose defendants' experts, Stull and McKenna. The total award for this category is $6,983.74.

* * *

The Court directs the Clerk to tax $22,681.66 against Wesby for Globe and $26,377.45 against Casco for Wesby.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 August 2019